[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
There are four matters before the court. The first is a motion for contempt filed by the defendant based on the plaintiff's failure to abide by the provisions in a Puerto Rican divorce decree with respect to the plaintiff's obligations to keep the defendant informed of the health and welfare of the minor children. It also alleges that the plaintiff left Puerto Rico in violation of the order of the court under that divorce decree. The second motion is also for contempt but this one is filed by the plaintiff alleging the failure of the defendant to pay child support as ordered by the Puerto Rican court. The third is a motion for modification filed by the plaintiff to increase the child support order. The fourth is an application for writ of habeas corpus filed by the plaintiff to gain custody of her three children whom the defendant had detained beyond the time he was supposed to have visitation with them during the Christmas holiday in December, 1996, was heard by Ballen, J., and he temporarily suspended the defendant's visitation until subsequent court order, agreement of the parties or completion of previously ordered Family Relations visitation study and court order.
At the hearing before the court, it was established that both parties violated the orders of the Puerto Rican court. The defendant failed to pay child support at all until there was an agreement on the amount some time in 1995. There is an arrearage found of $19,775.00. His excuse, which seems somewhat legitimate, is that the plaintiff failed to keep him advised of her whereabouts and that she moved to Connecticut away from Puerto CT Page 3094 Rico in violation of the court order of 1995. She also kept information on the children's health and welfare from the defendant's knowledge in 1993, 1994, and 1995.
The court, having heard the parties and examined the exhibits, makes the following orders:
 1. The plaintiff is ordered to make the children available as originally ordered by the Puerto Rican court so that the defendant may exercise his rights of visitation.
 2. The plaintiff is further ordered not to take the children out of the state or anywhere else beyond the reach of the defendant without a court order or a written agreement from the defendant.
 3. The motion to modify the support order filed by the plaintiff is denied since the present order appears to be the most the defendant can be expected to pay given his income and expenses as set forth in his financial affidavit. The defendant is ordered to continue to pay $100 a week child support and $25 per week on the arrears.
 4. The arrearage appears to be the amount as set forth before Judge McGrath of $19,775, and the court heard no evidence which would effectively change that so it is found to be $19,775.
 5. All of the orders of the Puerto Rican court at the time of the judgment of divorce continue in force until or unless they are or have been modified by further court orders.
 6. Since both parties were in effect in contempt of court, attorney's fees will not be awarded to either party and neither party will be found to be in contempt.
It is so ordered.
MARGARET C. DRISCOLL JUDGE TRIAL REFEREE